## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KRISTY SUE GULLEY, | |
|     Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA, | |
|     Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, KRISTY SUE GULLEY (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA (hereinafter "MOHELA") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Craighead County in the State of Arkansas. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     MOHELA is a corporation headquartered at 633 Spirit Drive in Chesterfield, Missouri 63005 that upon information and belief conducts business in the State of Georgia.

17.     MOHELA is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.     MOHELA furnished Plaintiff's information to Equifax and Experian which was inaccurate.

## FACTUAL ALLEGATIONS

19.   Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to her.

20.   Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

21.   In or about March 2024, Plaintiff became aware of student loans appearing in her credit file which did not belong to her.

22.   Plaintiff never graduated from high school and did not attend college.

23.   Shortly thereafter, Plaintiff contacted Equifax and Experian to dispute the following erroneous accounts which did not belong to her.

      i.   MOHELA, partial account number ending in x0001; and

     ii.   MOHELA, partial account number ending in x0002.

24.   On or about March 20, 2024, Plaintiff received dispute results from Equifax which stated both MOHELA accounts were verified as accurate.

25.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

26.   Equifax never attempted to contact Plaintiff during the alleged investigation.

27.   Upon information and belief, Equifax notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

28.    On or about April 5, 2024, Plaintiff received dispute results from Experian which stated both MOHELA accounts were verified as accurate and updated.

29.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

30.    Experian never attempted to contact Plaintiff during the alleged investigation.

31.    Upon information and belief, Experian notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32.    In or about April 2024, Plaintiff contacted Equifax and Experian to dispute the following erroneous accounts which did not belong to her.

    i.    MOHELA, partial account number ending in x0001;

    ii.    MOHELA, partial account number ending in x0002; and

    iii.    Recovery Management Services, partial account number ending in x79, on behalf of original creditor Columbia College Missouri.

33.    On or about April 17, 2024, Plaintiff received dispute results from Equifax which stated the aforementioned accounts were verified as accurate.

34.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

35.    Equifax never attempted to contact Plaintiff during the alleged investigation.

36.    Upon information and belief, Equifax notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.    On or about April 17, 2024, Plaintiff received dispute results from Experian which stated the aforementioned accounts were verified as accurate.

38.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

39.    Experian never attempted to contact Plaintiff during the alleged investigation.

40.    Upon information and belief, Experian notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

41.     On or about June 17, 2024, Plaintiff obtained a copy of her Experian credit report. Upon review, Plaintiff observed the following erroneous accounts which did not belong to her.

    i.      MOHELA, partial account number ending in x0001, with a balance of $2,775;

    ii.     MOHELA, partial account number ending in x0002, with a balance of $3,093; and

    iii.    Recovery Management Services, partial account number ending in x79, on behalf of original creditor Columbia College Missouri, with a status of collection and past due balance of $1,670.

42.     On or about June 17, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173944709. In this report, she explained that she was a victim of identity theft and that the aforementioned accounts listed in her credit report did not belong to her.

43.     On or about June 27, 2024, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed the following erroneous accounts which did not belong to her.

    i.      MOHELA, partial account number ending in x0001, with a balance of $2,777;

ii.   MOHELA, partial account number ending in x0002, with a balance of $3,093; and

iii.   Recovery Management Services, partial account number ending in x79, on behalf of original creditor Columbia College Missouri, with a status of collection and past due balance of $1,670.

44.   Due to the inaccurate reporting, on or about July 8, 2024, Plaintiff mailed a detailed dispute letter to Equifax and Experian. In the letter, Plaintiff advised she was a victim of identity theft and that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and recent mail in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

45.   Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (7022 2410 0000 7868 8016) and Experian (7022 2410 0000 7868 8023).

46.   On or about July 19, 2024, Plaintiff received a response from Equifax which stated Equifax needed additional proof of identification from Plaintiff despite Plaintiff having provided an image of her current driver's license and recent mail as proof of address.

47.   Despite confirmation of delivery, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of her updated Equifax credit report on or about August 14, 2024, Plaintiff observed both MOHELA

accounts continued to be reported each with a comment which stated, "account previously in dispute – now resolved by data furnisher". Further, Plaintiff observed the Recovery Management Services, partial account number ending in x79, was no longer appearing in her credit report.

48.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

49.     Equifax never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Equifax notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     On or about August 5, 2024, Plaintiff received dispute results from Experian which stated both MOHELA accounts were verified as accurate. Further, the dispute results stated Recovery Management Services, partial account number ending in x79, was deleted.

52.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

53.     Experian never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Experian notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.    Due to the inaccurate reporting, on or about August 27, 2024, Plaintiff mailed a second detailed dispute letter to Equifax and Experian. In the letter, Plaintiff reiterated she was a victim of identity theft and that the MOHELA, partial account number ending in x0001, and MOHELA, partial account number ending in x0002, did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and recent mail in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

56.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 2065 7944 71) and Experian (9589 0710 5270 2065 7944 64).

57.    As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax and Experian regarding her second detailed dispute letter.

58.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Experian continue to inaccurately report the aforementioned erroneous MOHELA accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

59.     Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

60.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

61.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.     Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

62.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

63.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

64.    Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

65.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

66.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

67.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

13

68.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

69.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

14

72.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

73.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74.     Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

75.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

76.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

77.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

78.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

79.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

82.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

83.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

84.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

85.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

86.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

89.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

90.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

18

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

93.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

96.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

97.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

98.   Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

99.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

20

100.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

101.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

102.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

103.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

109.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

112.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

113.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VII</u>
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

116.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

117.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

118.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

119.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

120.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

123.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

124.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

125.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

126.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

127.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Missouri Higher Education Loan Authority
### d/b/a MOHELA (Negligent)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

131.   MOHELA furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

132.   After receiving Plaintiff's disputes, MOHELA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

133.   Plaintiff provided all the relevant information and documents necessary for MOHELA to have identified that the accounts were erroneous.

134.   MOHELA did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MOHELA by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

135.   MOHELA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

136.   As a direct result of this conduct, action, and/or inaction of MOHELA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and inaction of MOHELA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

138.   Plaintiff is entitled to recover costs and attorney's fees from MOHELA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual damages against Defendant, MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT X
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Missouri Higher Education Loan Authority
d/b/a MOHELA (Willful)**

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-one (61) above as if fully stated herein.

140.   MOHELA furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

141.   After receiving Plaintiff's disputes, MOHELA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

142.   Plaintiff provided all the relevant information and documents necessary for MOHELA to have identified that the accounts were erroneous.

143.   MOHELA did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MOHELA by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

144.   MOHELA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

145.   As a direct result of this conduct, action, and/or inaction of MOHELA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and inaction of MOHELA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

147.   Plaintiff is entitled to recover costs and attorney's fees from MOHELA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KRISTY SUE GULLEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 28th day of August 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*